

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Dr. W. A. Davis, State Registrar
Texas State Board of Health
Austin, Texas

Dear Sir:

Opinion No. 0-4190
Re: Does the expression "any citi-
zen of the State of Texas" in-
clude only those who are resi-
dents of Texas at the time the
certificate was filed, or also
those who were citizens of
Texas at the time of the birth
by being native born, and re-
lated questions?

Your letter of November 4, 1941, requesting an opin-
ion of this department on the questions stated therein reads
in part as follows:

"It is suggested by a number of the County
Judges that I secure from you an opinion as to
Rule 51a, Article 4477, R. C. S., as amended by
H. B. 614 in 1939 and the amendments passed at
the last session of the Legislature:

"A. Does the expression 'any citizen of the
State of Texas' include only those who
are residents of Texas at the time the
certificate was filed, or also those who
were citizens of Texas at the time of
the birth by being native born?

"If in your opinion under H. B. 614 'any
citizen of the State of Texas' refers to
citizenship at the time of the birth,

"(a)  In the case of a person born in
Texas, but whose parents reside in Texas
at the time of his birth, and who remov-
ed from Texas immediately after the
birth, in view of the language of the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Dr. W. A. Davis, State Registrar, Page 2

Supreme Court in Cobbs vs Coleman,
14 Texas 594, to the effect that
'"every citizen of Texas" is not to
be taken in the restricted sense as
designating only the native born or
naturalized citizen, but in its gen-
eral acceptation and meaning as des-
criptive of the inhabitants of the
country', is such a person entitled
to a finding of citizenship under
H. B. 614?

"(b) If the question of citizenship
is to be determined as at the time of
birth under H. B. 614, is the amend-
ment to H. B. 614 passed by the 47th
Legislature, providing that 'any citi-
zen of the State of Texas wishing to
file the record of any birth . . that
occurred outside of the State of Texas',
etc., a nullity, or should the phrase
'any citizen of the State of Texas'
contained in this amendment relate to
the citizenship at the time the ap-
plication is filed, or if it should
relate only to citizenship at the time
of the birth, should it be confined to
those persons born outside of Texas and
whose parents were citizens of Texas
at the time of their birth?

"A birth certificate is considered a state-
ment of the facts surrounding the birth on the
date of the birth.

"B. Can a subsequent event affect the
facts existing on the date of the
birth, and should such a subsequent
event be written into a birth re-
cord?

"When the certificate has been consider-
ed by the Court and additional evidence, as nec-
essary, has been submitted 'to establish the
citizenship of the individual filing the certi-
ficate', as defined by you

Dr. W. A. Davis, State Registrar, Page 3

> "C. Should the Court Order state that the
> citizenship of the person whose birth
> certificate is filed and the truth-
> fulness of the statements made in the
> certificate have been established?"

House Bill No. 624, Acts of the 47th Legislature,
Regular Session, 1941, is an act amending Section 18 of Sen-
ate Bill No. 46, Chapter 41, page 116, Acts of the 40th Legis-
lature, First Called Session, as amended by Section 2 of
House Bill No. 614, Chapter 2, page 346, General Laws of the
46th Legislature, to provide for uniform fee to be charged
for issuance of delayed birth and death certificates by the
probate court, the clerk thereof and the State Registrar,
and declaring an emergency. House Bill No. 974, Acts of the
47th Legislature, Regular Session, 1941, is an act to amend
Section 18, Chapter 41, Acts of the 40th Legislature, First
Called Session, as amended by Section 2 of House Bill No.
614, Acts of the Regular Session of the 46th Legislature,
to provide that any citizen of Texas wishing to file the re-
cord of any birth or death occurring inside the State of
Texas, not previously registered, may submit such record to
the probate court in the county where such birth or death
occurred, and to provide that any citizen of the State of
Texas wishing to file the record of any birth or death occur-
ring outside the State of Texas not previously registered may
submit such record to the probate court in the county where
he resides, and declaring an emergency.

(With reference to the effect of House Bill No. 624,
supra, upon House Bill No. 974, supra, and vice versa, we re-
fer you to our opinion No. 0-3848, bearing date August 18,
1941, and addressed to you.)

House Bill No. 624, supra, reads in part as follows:

> ". . .And provided further, that any citizen
> of the State of Texas wishing to file the record
> of any birth or death, not previously registered,
> may submit to the Probate Court in the county
> where the birth or death occurred, a record of
> that birth or death written on the adopted forms
> of birth and death dertificates. The certificate
> shall be substantiated by the affidavit of the
> medical attendant present at the time of the
> birth, or in the case of death, the affidavit
> of the physician last in attendance upon the de-

Dr. W. A. Davis, State Registrar, Page 4

ceased, or the undertaker who buried the body.
When the affidavit of the medical attendant
or undertaker cannot be secured, the certifi-
cate shall be supported by the affidavit of
some person who was acquainted with the facts
surrounding the birth or death, at the time
the birth or death occurred, with a second
affidavit of some person who is acquainted
with the facts surrounding the birth or death,
and who is not related to the individual by
blood or marriage. The Probate Court shall
require such other information or evidence
as may be deemed necessary to establish the
citizenship of the individual filing the cer-
tificate, and the truthfulness of the state-
ments made in that record. The Clerk of said
Court shall forward the certificate to the
State Bureau of Vital Statistics with an order
from the Court to the State Registrar that
the record be, or be not, accepted. The
State Registrar is authorized to accept the
certificate when verified in the above manner,
and shall issue certified copies of such re-
cords as provided for in Section 21 of this
Act. . . ."

House Bill No. 974, supra, provides in part:

". . .And provided further, that any
citizen of the State of Texas wishing to
file the record of any birth or death that
occurred in Texas, not previously register-
ed, may submit to the Probate Court in the
County where such birth or death occurred,
a record of such birth or death written on
the adopted forms of birth and death certi-
ficates; and provided further that any citi-
zen of the State of Texas wishing to file
the record of any birth or death that occur-
red outside of the State of Texas, not pre-
viously registered, may submit to the Probate
Court in the County where he resides a record
of that birth or death written on the adopt-
ed forms of birth and death certificates.
The certificate shall be substantiated by the
affidavit of the medical attendant present

Dr. W. A. Davis, State Registrar, Page 5

at the time of the birth, or in case of death, the affidavit of the physician last in attendance upon the deceased, or the undertaker who buried the body. When the affidavit of the medical attendant or undertaker cannot be secured, the certificate shall be supported by the affidavit of some person who was acquainted with the facts surrounding the birth or death, at the time the birth or death occurred, with a second affidavit of some person who was acquainted with the facts surrounding the birth or death, and who is not related to the individual by blood or marriage. The Probate Court shall require such other information or evidence as may be deemed necessary to establish the citizenship of the individual filing the certificate, and the truthfulness of the statements made in that record. The Clerk of the said Court shall forward the certificate to the State Bureau of Vital Statistics with an order from the Court to the State Registrar that the record be, or be not accepted. The State Registrar is authorized to accept the certificate when verified in the above manner, and shall issue certified copies of such records as provided for in Section 21 of this Act. Such certified copies shall be prima facie evidence in all Courts and places of the facts stated thereon. The State Bureau of Vital Statistics shall furnish the forms upon which such records are filed, and no other form shall be used for that purpose."

Some of the definitions of the word "citizen" as found in Words and Phrases, Per. Ed., Vol. 7, p. 197, and the following pages are as follows:

"In common parlance, all people are citizens.

"A 'citizen' is one who owes allegiance to the state, and he has the right to reciprocal protection from it.

"The word "citizen', as used in the Constitution and laws of the United States, has uniformly conveyed the idea of membership of a nation, and nothing more.

Dr. W. A. Davis, State Registrar, Page 6

"A 'citizen' is defined by Webster to be
'a person, native or natumlized, who has the
privilege of voting for public officers and
who is qualified to fill public offices in
the gift of the people; also either native-
born or naturalized person, of either sex,
who is entitled to full protection in the
exercise and enjoyment of so-called private
rights.' Bouvier gives the definition of
a citizen in American law as one who under
the Constitution and lawsof the United
States has a right to vote for Representa-
tives in Congress and other public officers
and who is qualified to fill offices in the
gift of the people. All persons born or
naturalized, in the United States and sub-
ject to the jurisdiction thereof, are citi-
zens of the United States and of the state,
wherein they reside. Abbott defines it thus:
'A person who owes allegiance to and may
claim reciprocal protection from a govern-
ment; one who is a member of the United
States, or of the body politic of a sovereign
state. Age or majority is not involved.
Women are citizens as fully and truly as men.
Nor does a recognition of women's citizen-
ship involve a grant of political rights,
such as are indeed usually conferred only
on citizens, but do not inhere in that stat-
us!"

"By 'citizen of the State' is meant a
citizen of the United States whose domicile
is in such state.

"Plaintiff, who, after becoming highest
executive officer of Ku Klux Klan, leased
apartments for himself and family outside
state at headquarters of organization, but
continued to maintain home owned by him with-
in state, in which he had lived and prac-
ticed profession as dentist for over 20 years,
was 'citizen' of state, within Vernon's Ann.
St., Bill of Rights, § 19, providing that
citizen shall not be deprived of life, liberty,
property, privileges, or immunities, except
by due course of law. Evans v. American
Publishing Co., 13 S. W. 2d 358, 360, 118
Tex. 433."

Dr. W. A. Davis, State Registrar, Page 7

> "By section 8 of the declaration of the
> Texas general convention, it was declared
> that the state would give donations of land
> to all who volunteered their services in the
> Texas struggle against Mexico for independ-
> ence and receive them as citizens. 4 Bayles'
> St. Tex. p. 138. Held, that a citizen of
> Illinois, who entered the military service of
> Texas as a volunteer in such war after the
> adoption of such declaration of promised
> citizenship, and who died in her service, be-
> came a citizen of Texas, though his wife
> remained in Illinois until after his death,
> and that she and his children also thereby
> became citizens of Texas, and were thus en-
> titled to bounty lands under such provision.
> Kircher v. Murray, 54 F. 617, 621.

> "Citizenship 'is the state of being vest-
> ed with the rights and privileges of a citi-
> zen.' Abrigo v. State, 15 S. W. 408."

In view of the foregoing definitions and the above
mentioned acts, it is our opinion that the term "any citizen
of the State of Texas" includes all those who are residents
of the State of Texas at the time the certificate is filed
and also those who were born in Texas although they may now
be citizens of other states or countries. In reply to your
second question as stated above, we respectfully answer the
same in the negative. The statute (Article 4477, Vernon's
Annotated Civil Statutes) does not authorize the writing of
subsequent events into the birth record except that when
any certificate of birth of a living child is presented
without the statement of the given name, then the local
registrar shall make out and deliver to the parents of the
child a special blank for the supplemental report of the
given name of the child, which shall be filled out as
directed, and returned to the local registrar as soon as
the child shall have been named. (Also see Rule 26 of
Article 4477, supra, with reference to adoptions, etc.)

With reference to your third question, it will be
noted that the above mentioned acts specifically and expressly
provide "the certificate shall be substantiated by the affi-
davit of the medical attendant present at the time of the
birth, or in case of death, the affidavit of the physician
last in attendance upon the deceased, or the undertaker who
buried the body. When the affidavit of the medical attendant

Dr. W. A. Davis, State Registrar, Page 8

or undertaker cannot be secured, the certificate shall be supported by the affidavit of some person who was acquainted with the facts surrounding the birth or death, at the time the birth or death occurred, with a second affidavit of some person who is acquainted with the facts surrounding the birth or death, and who is not related to the individual by blood or marriage. The Probate Court shall require such other information or evidence as may be deemed necessary to establish the citizenship of the individual filing the certificate, and the truthfulness of the statements made in that record. The Clerk of said Court shall forward the certificate to the State Bureau of Vital Statistics with an order from the Court to the State Registrar that the record be, or be not, accepted. The State Registrar is authorized to accept the certificate when verified in the above manner, and shall issue certified copies of such records as provided for in Section 21 of this Act."

The certificate must be substantiated by the affidavits mentioned in the act. It is our opinion that the probate court must determine the citizenship of the person whose birth certificate is filed and ascertain the truthfulness of the statements made in connection therewith. However, with reference to the order of the court to the State Registrar, it is not necessary that this order state that the citizenship of the person whose birth certificate is filed and the truthfulness of the statements made relative thereto have been established. The statute only requires that the "order from the court to the State Registrar that the record be, or be not, accepted."

We are returning herewith the correspondence which you sent us with your opinion request.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

APPROVED NOV 24, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

AW:CO

ENCLOSURE

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN